937 F.2d 623
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
George W. DAVIS, Jr., Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 91-3141.
 United States Court of Appeals, Federal Circuit.
 June 13, 1991.
 
 Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 George W. Davis appeals the July 30, 1990 initial decision of the Merit Systems Protection Board ("the Board") dismissing his appeal for lack of jurisdiction, Davis v. Department of the Army, No. PH315H9010351 (July 30, 1990), which, when review was denied on December 13, 1990, became the final decision of the Board. Because the Board correctly determined that it had no jurisdiction to consider the appeal of Davis, a probationary employee, we affirm.
 
 DISCUSSION
 
 2
 The jurisdiction of the Board is strictly prescribed by statute and regulation: Only agency actions which meet certain criteria may be appealed to the Board.
 
 
 3
 The Board found that Davis was a probationary employee, slip op. at 2, and Davis does not seem seriously to contest this finding: In his informal brief, Davis even states that "[i]n either status, that of reemployed annuitant or an employee on probation, the appellant is fully aware of his status." Pet.Br. at 2, question 5. The regulations controlling the jurisdiction of the Board with regard to probationary employees provide that a probationary employee may appeal an agency's decision to terminate him for unsatisfactory performance or conduct only where the employee alleges that the termination "was based on partisan political reasons or marital status." 5 C.F.R. Sec. 315.806(b) (1991). See also 5 C.F.R. Sec. 1201.3(9) (1991).
 
 
 4
 The Board issued two show cause orders, giving Davis the opportunity to meet his burden of establishing jurisdiction by alleging that his termination was based on partisan politics or on marital status. Davis did not do so, and still has not done so. Instead, he makes only vague statements to the effect that his termination was "based on unsupported statements" and that he has not had "the opportunity to present his side of the issue." Pet.Br. at Cont. Sheet 2.
 
 
 5
 We, like the Board, express no opinion as to the merits of Davis' dispute with the Army over his termination. But since Davis has not alleged that his termination was based on partisan politics or marital status, the Board has no jurisdiction to hear his case.
 
 
 6
 Davis argues that under this system, a probationary employee's supervisor "can make any unsupported statements concerning the employee, who will have no recourse." Pet.Br. at Cont. Sheet 2. At least with regard to recourse to the MSPB, this is true. But this is the system Congress has created, and the responsibility for changing it lies with Congress, not with this court.